# IN THE SUPREME COURT OF IOWA

No. 06–2084

Filed April 17, 2009

**WILLIAM C. SCOTT,**

      Appellant,

vs.

**STATE OF IOWA,**

      Appellee.

_____

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Black Hawk County, Bruce B. Zager, Judge.


Applicant appeals from the dismissal of his application for postconviction relief asserting that it is unconstitutional to apply *State v. Heemstra* prospectively only. **AFFIRMED.**


Jeremy B. A. Feitelson of Feitelson Law, L.L.C., West Des Moines, for appellant.


Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee.

**PER CURIAM**:

In 2006, petitioner William Scott filed an application for postconviction relief challenging his 1991 conviction for first-degree murder. Scott claimed that his conviction was contrary to our recent holding in *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006). In *Heemstra* this court stated that its ruling applied only in cases on direct appeal where the claim was preserved in the district court. Scott filed this postconviction-relief application challenging the constitutionality of that pronouncement.

Petitioner claims that federal due process requires the *Heemstra* decision be applied to invalidate his conviction in his postconviction-relief proceeding even though he did not raise the *Heemstra* issue on direct appeal.

The district court dismissed the petition, and the court of appeals affirmed. We granted further review to consider only whether federal due process requires that the substantive holding of *Heemstra* be applied in Scott's postconviction-relief proceeding. For the reasons expressed in *Goosman v. State*, ____ N.W.2d ____ (Iowa 2009), we affirm the judgment of the court of appeals.

**AFFIRMED.**

All justices concur except Baker, J., who takes no part.

This opinion is not to be published.